IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM A. DAVIS, on behalf of himself and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION 15-0131-WS-C ) |
| CENTRAL ALABAMA ELECTRIC COOPERATIVE, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

This matter comes before the Court on defendant's Motion to Dismiss or Stay Class Action Complaint (doc. 2). The Motion has been briefed.

Plaintiff, William A. Davis, brought this putative class action against Central Alabama Electric Cooperative ("CAEC") by filing a Complaint in the Circuit Court of Dallas County, Alabama, on January 26, 2015. The gist of Davis's Complaint is that CAEC, a rural electric cooperative providing services to customers/members in Dallas County and elsewhere in Alabama, violated Alabama Code § 37-6-20 and breached its contractual obligations by improperly retaining excess revenues rather than distributing them to members via patronage refunds or rate reductions. Davis purports to bring these claims on his own behalf, and also as representative of a class consisting of "[a]ll current and former members of Defendant who (1) currently reside in Alabama; and (2) have not been distributed all excess revenue rightfully owed to them under Ala. Code § 37-6-20." (Doc. 1, Exh. A at ¶ 17.) CAEC subsequently removed this action to this District Court pursuant to the federal officer removal provisions of 28 U.S.C. § 1442(a)(1).

On January 23, 2015, some three days <u>before</u> Davis filed his class action complaint against CAEC, a separate group of plaintiffs consisting of Pamela Caver, Christine Grandison and Dexter Grandison filed a Class Action Complaint of their own (the "*Caver* Complaint") against CAEC in Dallas County Circuit Court. The *Caver* Complaint was strikingly similar to

that filed by Davis, inasmuch as it alleged that CAEC had violated Alabama Code § 37-6-20 and breached a contract with its members by failing to refund excess revenues to its members on an annual basis.  Caver and the Grandisons purported to bring their action on their own behalf, as well as two proposed member classes, one consisting of current members of CAEC who "(1) currently reside in Alabama, and (2) have not been paid all excess revenues (in the form of 'Patronage Capital' or 'Capital Credit') owed to them," and the other consisting of former members of CAEC who meet the same criteria.  (*See* Civil Action 15-0129-WS-C, at doc. 1, Exh. A, ¶ 14.)  CAEC subsequently removed the *Caver* Action to this District Court pursuant to § 1442(a)(1).  Like the instant *Davis* case, the *Caver* Action ultimately found its way to the undersigned's docket.

The net result of the foregoing is that there are now two virtually identical class action complaints pending against CAEC on the undersigned's civil docket.  The alleged wrongdoing by CAEC is the same in both cases.  The relief sought against CAEC is the same (or substantially the same) in both cases.  And the proposed classes are the same (or substantially the same) in both cases.  The only difference lies in the identities of the named plaintiffs and, perhaps more importantly, their counsel.

Understandably frustrated at the prospect of waging the same war on two different fronts, CAEC has filed a Motion to Dismiss or Stay in this action, the central point of which is that Davis's Complaint should be dismissed or stayed as a second-filed class action.  Alabama courts adhere to a "well established" rule that "a court lacks *subject matter jurisdiction* over an action containing class allegations, as long as there is pending in another court a prior-filed action involving substantially identical class allegations."  *Ex parte First Nat'l Bank of Jasper*, 717 So.2d 342, 350 (Ala. 1997).  This rule "is enforced to prevent unseemly, expensive, and dangerous conflicts of jurisdiction and of process."  *Id.* (citations and internal quotation marks omitted).  By all appearances, Alabama courts have consistently applied this rule in the wake of *First Nat'l Bank of* Jasper.[1]  CAEC contends that this rule requires that Davis's lawsuit be

---

[1] *See, e.g., Ex parte BOC Group, Inc.*, 823 So.2d 1270, 1272 (Ala. 2001) ("The law in Alabama is well settled: when a later-filed class action is substantially similar to a previously filed class action, the trial court in the later-filed action does not have subject-matter jurisdiction, and thus must administratively stay or dismiss the case."); *Ex parte Speedee Cash of Alabama, Inc.*, 806 So.2d 389, 394 (Ala. 2001) ("Speedee Cash has established a clear legal right to the (Continued)

dismissed or stayed pending a determination of whether class certification will be granted in the *Caver* Action.

In response to the Motion to Dismiss or Stay, Davis candidly admits that the rule enunciated in *First Nat'l Bank of Jasper* "is the current law in Alabama." (Doc. 18, at 3.) Plaintiff's only objection to application of that rule here is his belief that the rule is "ill-advised" and that pre-*First Nat'l Bank of Jasper* decisions were "better-crafted." (*Id.* at 3-4.) This contention is unpersuasive. If Alabama law governs this question, then this Court does not have the luxury of jettisoning a well-established, unambiguous, black-letter Alabama rule simply because it might favor a different approach. That "if" qualifier is important, however, and the parties' submissions are silent on this critical point. Stated differently, if CAEC had not removed this action from Dallas County Circuit Court, then *First Nat'l Bank of Jasper* would plainly mandate that this action be dismissed or stayed pending a class certification determination in the *Caver* Action. But CAEC did remove this action to federal court. It is far from clear – and not explored by the parties at all – why a federal court would be bound by the state-law procedural rule embraced by *First Nat'l Bank of Jasper*. At least one Alabama Supreme Court justice has forcefully opined that federal courts are not so bound. *See First Tennessee Bank, N.A. v. Snell*, 718 So.2d 20, 25-26 (Ala. 1998) (*First Nat'l Bank of Jasper* rule "*does not apply in a federal court at all* … because the courts of the United States are courts of another sovereign, over which the courts of Alabama have no supervisory control or jurisdiction. … The rule set forth in *FNB of Jasper III* is a *state* law that is 'contrary' to *federal* class-action law. … Not only is *FNB of Jasper III* 'contrary' to federal law, but its application would literally

---

relief requested. The first-filed action containing class allegations (the Montgomery County action) takes precedence, and the second-filed action (the Chilton County action) should be administratively stayed."); *Ex parte AmSouth Bank*, 735 So.2d 1151, 1153 (Ala. 1999) ("We hold that when a first-filed action containing class allegations is filed in a federal court in this State, a State trial court with a later-filed action, involving the same parties and containing the same or substantially similar class allegations, should refuse to exercise jurisdiction over the action once it is apprised of the fact that the federal court has assumed jurisdiction of the earlier action."); *First Tennessee Bank, N.A. v. Snell*, 718 So.2d 20, 23 (Ala. 1998) ("The first class action prevails over a second substantially similar case filed in another court. This means that the court with the second class action should refuse to exercise jurisdiction in that second case ….").

oust a United States district court of jurisdiction – a legal impossibility under the Supremacy Clause.") (Cook, J., concurring in result).

In light of these concerns, the parties' failure to address them in their court filings to date, and to ensure that both sides get a fair opportunity to be heard on what may be a pivotal legal question raised *sua sponte*, additional briefing is required.  To that end, the parties are **ordered** to file supplemental briefs – confined to the narrow issue of whether the rule of *First Nat'l Bank of Jasper* applies in federal court – on or before **August 24, 2015**.  No further replies or additional briefs on issues relating to the Motion to Dismiss or Stay Class Action are authorized or permitted at this time.[2]

DONE and ORDERED this 10th day of August, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] In the alternative, defendant's Motion to Dismiss asserts that this action should be dismissed for improper venue pursuant to 28 U.S.C. § 1391(a) because Davis resides in Chilton County, Alabama and CAEC's primary offices and principal place of business are located in Autauga County, Alabama, all of which are in the Middle District of Alabama.  This argument fails as a matter of law.  By removing this action to federal court, CAEC necessarily and unambiguously rendered § 1391 inapplicable.  *See Hollis v. Florida State University*, 259 F.3d 1295, 1299 (11th Cir. 2001) ("In removed actions the general venue provision, 28 U.S.C. § 1391, does not apply.  Instead, § 1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the federal venue in that district.  Thus, once a case is properly removed to federal court, a defendant cannot move to dismiss on § 1391 venue grounds.").  Accordingly, the Motion to Dismiss is **denied** insofar as it hinges on a challenge that venue is improper under 28 U.S.C. § 1391(a).